**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

STEPHEN J.H.,                  :              CIVIL ACTION
          Plaintiff       :
       v.                    :
                          :
CAROLYN COLVIN,[1]            :
Acting Commissioner of the Social    :
Security Administration,        :
          Defendant       :              NO.  24-1900

### <u>MEMORANDUM</u>

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                     January 17, 2025

       Stephen J.H. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act.  Plaintiff has filed a brief in support of his request for review, the Commissioner has responded to it and Plaintiff has filed a reply.  For the reasons set forth below, Plaintiff's request for review is denied.

### I.      PROCEDURAL HISTORY[2]

       On March 23, 2023, Plaintiff applied for DIB and SSI, alleging that his disability commenced on July 15, 2021.  R. 37.  The claim was denied, initially and upon reconsideration; therefore, Plaintiff requested a hearing.  *Id.*  On June 29, 2023, Plaintiff appeared for a hearing, before Kathleen McDade, Administrative Law Judge ("the ALJ"); Plaintiff, represented by an

---

[1] Carolyn Colvin was appointed as the Acting Commissioner of Social Security, on November 30, 2024, after the resignation of Martin O'Malley.  Pursuant to Rule 25(d)(a) of the Federal Rules of Civil Procedure, Ms. Colvin should be substituted as Defendant in this case.  No further action need be taken to continue this action, pursuant to section 205 of the Social Security Act.  42 U.S.C. § 405(g).

[2] The court has reviewed and considered the following documents in analyzing this case:  Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record.  ("R.").

attorney, and Louis Szollosy, a vocational expert, ("the VE") testified at the hearing.  *Id.*  On August 9, 2023, the ALJ, using the sequential evaluation process ("SEP") for disability,[3] issued an unfavorable decision.  R. 27-46.  The Social Security Administration's Appeals Council denied Plaintiff's request for review, on March 11, 2024, making the ALJ's findings the final determination of the Commissioner.  R. 1-4.  Plaintiff presently seeks judicial review and the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.    FACTUAL BACKGROUND

A.    <u>Personal History</u>

Plaintiff last worked on July 15, 2021.  R. 39.  He lives alone.  R. 56.

B.    <u>Plaintiff's Testimony</u>

Plaintiff testified about his physical impairments at the June 29, 2023 hearing.  He stated that right leg pain renders him unable to walk more than 10 to 15 minutes; after walking that

---

[3] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1.  If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed.  Otherwise proceed to Step 2.  *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).
>
> 2.  If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed.  Otherwise proceed to Step 3.  *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).
>
> 3.  If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed.  Otherwise proceed to Step 4.  *See* 20 C.F.R. § 404.1520(d), 416.920(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed.  Otherwise proceed to Step 5.  *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).
>
> 5.  The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled.  *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

amount of time, Plaintiff would need to rest for an unpredictable amount of time.  R. 57, 59.  His treating physician has advised him not to exert himself and to keep his leg raised as much as possible.  R. 57.  If Plaintiff sits without elevating his right leg, he feels increasing pain.[4]  R. 58.

Plaintiff testified that he was originally hired as a dispatcher; he learned that job in approximately two months.  R. 61-62.[5]  He next worked as an assistant operations manager.  R. 61.  The company was supposed to hire a new dispatcher, but it did not, consequently, Plaintiff performed both jobs.  R. 61.  Performing the duties of both jobs required a great deal of walking and driving.  R. 61-62.

C.    Vocational Testimony

The VE testified that the past job about which Plaintiff testified was a composite one of dispatcher and operations manager.[6]  R. 65-66.  The dispatcher job is a semi-skilled;[7] it is typically performed at the sedentary level,[8] but Plaintiff performed it at the light level.[9]  R. 66.  The operations manager job is a skilled[10] position; it is typically performed at the light level and Plaintiff performed it at that level.  R. 66.[11]  The VE further opined that Plaintiff has no transferable

[4] At the hearing, Plaintiff told the ALJ that his right leg was hurting.  R. 58.

[5] Plaintiff does identify the name of the company for which he worked, or if it was his last job.  *See* R. 61-62.

[6] The VE testified that the job of dispatcher is described in the Dictionary of Occupational Titles ("DOT") and provide the DOT number for the job as 913-367-010; the operations manager job had a DOT number of 184.167-118.  R. 66.

[7] "Semi-skilled work is work which needs some skills but does not require doing the more complex work duties."  20 C.F.R. §§ 404.1568(b), 416.968(b).  It is less complex than skilled work but more complex than unskilled work.  *Id.* "A job may be classified as semi-skilled where coordination and dexterity are necessary, as when hands or feet must be moved quickly to do repetitive tasks."  *Id.*

[8] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary to carry out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."  20 C.F.R. §§ 404.1567(a), 416.967(a).

[9] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. §§ 404.1567(b), 416.967(b).

[10] "Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced. … Other skilled jobs may require dealing with people, facts, or figures or abstract ideas at a high level of complexity."  20 C.F.R. §§ 404.1568(c), 416.968(c).

[11] The VE also testified about Plaintiff's two other past jobs, R. 66, but those were not considered by the ALJ, so the court omits mention of them.

skills.  R. 67.  The ALJ did not pose any hypothetical questions to the VE.  *See* R. 67.

### III.    THE ALJ's FINDINGS

In her decision, the ALJ issued the following findings:

1.    [Plaintiff] meets the insured status requirements of the Social Security Act through June 30, 2026.

2.    [Plaintiff] has not engaged in substantial gainful activity since July 15, 2021, the alleged onset date (20 CFR 404. 1571 *et seq.* and 416.971 *et seq.*).

3.    [Plaintiff] has the following severe impairments:  Factor V Leiden anticoagulation defect with right greater than left bilateral deep vein thrombosis, postphlebitic syndrome, and Class C obesity (20 CFR 404.1520(c) and 416.920(c)).

4.    [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

5.    After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can only occasionally lift and carry 20 pounds, frequently lift and carry 10 pounds, stand/walk for two hours in an eight-hour workday, and sit for six hours in an eight-hour workday.  He can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl and never climb ladders, ropes, scaffolds.

6.    [Plaintiff] is able to perform past relevant work as a dispatcher.  This work does not require the performance of work-related activities precluded by [Plaintiff's] residual functional capacity (20 CFR 404.1565 and 416.965).

7.    [Plaintiff] has not been under a disability, as defined in the Social Security Act, from July 15, 2021, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

R. 39, 43-46.

## IV.   DISCUSSION

A.   Standard of Review

Judicial review of the Commissioner's final decision is as follows.  The Commissioner's findings of fact will not be disturbed if they are supported by substantial evidence.  *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).  Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted).  While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019), it may amount to less than an evidentiary preponderance.  *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).  Overall, this test is deferential to the ALJ, and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion.  *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987).  Indeed, the court is not permitted to weigh the record evidence itself.  *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).  By contrast, the Commissioner's legal conclusions are subject to *de novo* review.  *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.   Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that he is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a).  Plaintiff may establish a disability through: (1) medical evidence meeting one or

more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents him from returning to his past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that his impairment results in functional limitations to performing his past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given her age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.    Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process, the ALJ determined that Plaintiff could perform his past relevant work as a dispatcher and, hence, was not disabled. R. 37-46. Plaintiff disputes the ALJ's decision, arguing: (1) the ALJ erred because she failed to accept the VE's testimony that Petitioner's past relevant work was a composite job, not a dispatcher; (2) the ALJ erred because she failed to include all of his limitations in the residual functional capacity ("RFC") assessment[12]; and (3) the medical vocational guidelines direct a finding of disability. Pl. Br. at 4-12. The Commissioner denies Plaintiff's assertions. Resp. at 1-16. This court finds that Plaintiff's arguments lack merit.

---

[12] Plaintiff also asserts that the ALJ posed a deficient hypothetical question to the VE, Pl. Br. at 9-11; however, the ALJ did not pose any hypothetical question to the VE, only asking him to characterize Plaintiff's past work. R. 65-67. Hence, this aspect of Plaintiff's argument is belied by the record.

1.  <u>The ALJ Properly Decided that Plaintiff's Past Work was not a Composite Job</u>

Plaintiff argues that the ALJ committed reversible legal error because, rather than viewing his past job as requiring the ability to perform the dispatcher tasks and the operations manager tasks, the ALJ only considered Plaintiff's ability to perform the dispatcher tasks. Pl. Br. at 4-9. This court finds that the ALJ did not commit legal error.

The VE testified that Plaintiff's past job was a composite one, requiring performance of both a dispatcher job and operations manager job. R. 65-66. The ALJ decided that Plaintiff's testimony disclosed that he performed the dispatcher job before performing the operations manager job and Plaintiff retained the RFC to perform the dispatcher job. R. 46. This was not error because Plaintiff did testify that he performed the dispatcher job before performing the operations manager job. R. 61. The company was supposed to hire a dispatcher, but if failed to do, forcing Plaintiff to perform both jobs. R. 61. Furthermore, the VE stated that Plaintiff performed two different jobs, with distinct Dictionary of Occupational Title ("DOT") numbers. R. 66.

A composite job is a job that does not have a DOT counterpart. Social Security Ruling ("SSR") 82-61, 1982 WL 31387, *2. Herein, despite the ALJ stating at one point that Plaintiff's job was a composite one, in actuality, Plaintiff performed two distinct jobs, each of which has a DOT counterpart, manifested by their DOT numbers. Based on this record, Plaintiff did not have a composite job. *See id.*; *Rolon-Torres v. Kijakazi*, Civ. A, No. 22-223, 2023 WL 2244684, *10 (E.D. Pa. Feb. 27, 2023) (finding, in part, that the claimant's past job was not a composite one, because there was a DOT counterpart for the job). Hence, it was not error for the ALJ to find that Plaintiff's RFC allowed performance of the past dispatcher job, without regard to whether Plaintiff could perform the past operations manager job.

2.  The ALJ Committed no Reversible Error when Evaluating Plaintiff's RFC

Next, Plaintiff argues that the ALJ's RFC assessment was deficient, because it failed to include any impairment caused by his mild limitation in three area of mental functioning.  Pl. Br. at 10.  Furthermore, Plaintiff asserts that, if the ALJ had included these limitations in a hypothetical question, the VE might have testified that he could not perform his past semi-skilled work.  Pl. Br. at 11.

This court declines to address Plaintiff's first argument, because his second argument – which relates to whether the error was harmful – fails to establish any harm.  To wit, even if the ALJ had explicitly included some minimal work-related mental limitations in the RFC, Plaintiff cannot demonstrate that this would have precluded him from performing his dispatcher job. Indeed, Plaintiff acknowledges that there was no vocational testimony to support his position, only speculation that there might have been.  Pl. Br. at 11.  However, for an error to be harmful, the claimant must demonstrate some likelihood that the alleged error affected the case's outcome. *Rutherford*, 399 F.3d at 553.  Since there is no evidence to support the possibility of a different outcome, the alleged error is harmless.  *Id.*

3.  Plaintiff is not Disabled under the Medical-Vocational Guidelines

Finally, Plaintiff argues, that, if he could not perform his past relevant work, given his age, education, and effective limitation to sedentary work – since he can only stand and walk for two hours of an eight-hour day[13] – he would be disabled under Medical-Vocational Rule 201.14.  Pl. Br. at 11-12.  This argument lacks merit because, as noted above, the ALJ did not err in finding at step four of the sequential evaluation process, that Plaintiff could perform his past relevant work.

---

[13] In order to perform the full range of light work, a claimant must be able to stand and walk for approximately six hours in an eight-hour workday.  SSR 83-10, 1983 WL 31251, *6.  Hence, Plaintiff's RFC would preclude a full range of light work.

The Medical-Vocational Rules only apply to determine disability at step five, which the ALJ did not consider, since Plaintiff was not disabled at step four.  *See* 20 C.F.R. §§ 404.1520(f), 416.920(f) (explaining that step five applies if the claimant cannot perform his past relevant work).

An implementing order and order of judgment follow.